**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Delgado, | No. CV-24-00203-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Fast Wireless LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Christian Delgado's ("Plaintiff") Motion for Default Judgment against Defendants Fast Wireless LLC, Jorge Rosello, and Jane Doe Rosello (collectively "Defendants"). (Doc. 26). The Court now rules on the motion.

**I.    BACKGROUND**

On February 1, 2024, Plaintiff filed an amended complaint against Defendants. (Doc. 6). Plaintiff alleges Defendants failed to pay overtime wages, minimum wages, and wages due. (*See generally* Doc. 6). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on March 21, 2024. (Doc. 20). On April 12, 2024, Plaintiff filed a Motion for Default Judgment. (Doc. 21). The Court denied this motion without prejudice, citing concerns with service of process and the fact that Plaintiff did not seek default against two defendants named in the amended complaint. (Doc. 22 at 1-2). The Court ordered Plaintiff to show cause on the service of process issue. (Doc. 22 at 3). Plaintiff voluntarily dismissed its claims against Defendants Jorge Blakely and Jane Doe Blakely. (Doc. 23). Plaintiff then filed a Response

to the Court's Order to Show Cause, (Doc. 24), and the Court deemed cause to have been shown, (Doc. 25). Pending before the Court is Plaintiff's Motion for Default Judgment as to Fast Wireless LLC, Jorge Rosello, and Jane Doe Rosello.[1] (Doc. 26).

## II.  DEFAULT JUDGMENT

Once the Clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When considering these factors, a defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).  Upon consideration of the *Eitel* factors, the Court concludes that entry of default judgment against Defendants is proper.

### a. Possibility of Prejudice

A possibility of prejudice exists when the failure to enter default judgment denies a plaintiff judicial resolution of the claims presented or leaves him without other recourse for recovery. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Plaintiff worked as a sales representative for Defendants for approximately eight weeks and Defendants failed to pay Plaintiff minimum and overtime wages. (Doc. 26-1 at 2-3). Plaintiff served all remaining Defendants. (Doc. 11, 12, 13). Defendants' failure to pay and failure to respond makes it likely Plaintiff will be left without recourse if default judgment is not granted. Therefore, this factor weighs in favor of granting the motion.

---

[1] As the Court warned in its previous Order, the Court "does not believe a judgment can be collected against a fictitious party." *See Peralta v. Custom Image Pros LLC et al.*, No. CV-23-00358-PHX-JAT, 2023 WL 8455120, at *5 n.3 (D. Ariz. 2023 Dec. 6, 2023).

- 2 -

**b. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint**

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). The Ninth Circuit has suggested that these two factors favor entering judgment when a plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Count One of Plaintiff's complaint claims that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (Doc. 6 at 11-13). To succeed on this claim, "Plaintiff must prove that (a) [Plaintiff] was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay [Plaintiff] an overtime wage." *Suarez v. IPVision Inc.*, No. CV-24-00118-TUC-AMM, 2024 WL 4680584, at *3 (D. Ariz. Nov. 5, 2024) (citing 29 U.S.C. § 207(a)(1)). Count Two of Plaintiff's complaint claims that Defendants failed to pay minimum wage under the FLSA. (Doc. 6 at 13-14). To succeed on this claim, "Plaintiff must prove that (a) [Plaintiff] was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay [Plaintiff] the federal minimum wage." *Suarez*, 2024 WL 4680584, at *3. Count Three of Plaintiff's complaint claims that Defendants failed to pay minimum wage under the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363. (Doc. 6 at 14-16). To succeed on this claim, "Plaintiff must prove that Defendants did not pay [Plaintiff] the minimum wage as required under the AMWA." *Suarez*, 2024 WL 4680584, at *3 (citing Ariz. Rev. Stat. § 23-363(A)). Finally, Count Four of Plaintiff's complaint claims Defendants failed to pay wages due and owed under the Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-351. (Doc. 6 at 16-17). To succeed on this claim, "Plaintiff must prove that Defendants did not timely pay all wages due as required under the AWA." *Suarez*, 2024 WL 4680584, at *3 (citing Ariz. Rev. Stat. §§ 23-351(A), (C)).

In the complaint, Plaintiff alleges that she was "engaged in commerce" while

working as a sales representative for Defendants, who "own and operate a Metro PCS franchise store location."[2] (Doc. 6 at 6-7). Defendants classified Plaintiff as an independent contractor, but Plaintiff makes specific allegations regarding this "misclassification" and alleges that "Plaintiff was actually an employee, as defined by the FLSA." (Doc. 6 at 8).

Although "Plaintiff does not have complete time or pay records in [Plaintiff's] possession," Plaintiff estimates that "[s]he worked approximately 50 hours per week." (Doc. 6 at 8; Doc. 26 at 5; Doc. 26-1 at 3). Plaintiff alleges that "[a]t all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek" and that "[s]he was not paid any wage whatsoever for her final two workweeks." (Doc. 6 at 8-10; Doc 26 at 5; Doc. 26-1 at 3). Taken as true, Plaintiff's allegations are sufficient to establish claims against Defendants for failure to pay overtime and minimum wages under the FLSA, AMWA, and AWA. Accordingly, the second and third *Eitel* factors favor entry of default judgment.

### c. The Amount of Money at Stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [a defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co.*, No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks damages pursuant to the FLSA, AMWA, and AWA. (*See generally* Doc. 26). Plaintiff requests damages in the total amount of $5,643.80, plus post-judgment interest. (Doc. 26 at 10). The Court finds that the stated damages are not unreasonable or inappropriate. Accordingly, this factor weighs in favor of entering default judgment.

---

[2] The Court is unclear why Plaintiff's complaint elsewhere describes Defendants' business as "a residential painting company." (Doc. 6 at 7).

### d. Possibility of Disputed Material Facts

In analyzing the fifth *Eitel* factor, the Court considers the likelihood of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471-72. Considering both the allegations, now deemed admitted, and Plaintiff's declaration, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *See PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Thus, this factor weighs in favor of granting the motion.

### e. Excusable Neglect

In the sixth *Eitel* factor, the Court evaluates whether the Defendants' failure to answer or defend is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. On this record, little possibility exists that Defendants' default resulted from excusable neglect because remaining Defendants were duly served.[3] (Doc. 11, 12, 13). Further, no other facts indicate that default is attributable to excusable neglect. Consequently, this factor weighs in favor of granting the motion.

### f. Policy Favoring Decisions on the Merits

Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer, *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* Here, Defendants have not answered or otherwise appeared in this case. (*See* Doc. 22). Thus, this factor does not preclude entering default judgment against Defendants.

### g. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment. Having concluded that entry of default judgment is appropriate under the circumstances, the Court will now turn to evaluate Plaintiff's request for damages in the amount of $5,643.80 plus post-judgment interest.

---

[3] According to Plaintiff, "Defendant [Jorge Rosello] hired counsel to apparently try to negotiate a settlement. When that did not work, Mr. Rosello attempted to negotiate a settlement himself. Those efforts were not fruitful, and Defendant Jorge Rosello has continued to not participate in this matter." (Doc. 26 at 7).

### III. DAMAGES

The relevant statutes provide for damages as follows:

The FLSA provides a cause of action for an employee to recover from his employer any unpaid minimum wages, unpaid overtime compensation, and "an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b). For overtime compensation, an employee who works in excess of forty hours in a workweek should receive "compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2)(C).

The AMWA requires employers to pay their employees at least minimum wage and provides for employees to recover from their employers any unpaid minimum wages plus "an additional amount equal to twice the underpaid wages . . . ." Ariz. Rev. Stat. § 23-364(G).

The AWA requires employers to pay their employees all due wages within a specified period of time and provides for the employee to recover "an amount that is treble the amount of the unpaid wages." Ariz. Rev. Stat. § 23-355(A).

*Suarez*, 2024 WL 4680584, at *4.

#### a. Unpaid Minimum Wages

Under the FLSA, Plaintiff calculated unpaid minimum wage damages of $1,450.[4] (Doc. 26 at 9). The FLSA amount is "engulfed" by Plaintiff's unpaid minimum wage damages under the AMWA; under the AMWA, Plaintiff calculated damages of $2,870.[5] (Doc. 26 at 9). The AMWA amount is "engulfed" by Plaintiff's unpaid minimum wage damages under the AWA; under the AWA, Plaintiff calculated damages of $4,455.[6] (Doc. 26 at 10). Thus, the total amount of damages in the form of unpaid minimum wages is

---

[4] "During each of the final two workweeks of her employment with Defendants, Plaintiff worked approximately 50 hours, for a total of approximately 100 hours. At 100 hours, Plaintiff's unpaid federal minimum wages for those weeks are $725 ($7.25 * 100)." (Doc. 26 at 6 (internal citations removed)). Plaintiff then took $725 and multiplied it by two to get the "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Total = $1,450.

[5] "During each of the final two workweeks of her employment with Defendants, Plaintiff worked approximately 50 hours, for a total of approximately 100 hours. . . . At 100 hours, Plaintiff's unpaid Arizona minimum wages for [the final two workweeks] are $1,435 ($14.35 * 100)." (Doc. 26 at 6). Plaintiff then took $1,435 in and multiplied it by two to get the "additional amount equal to twice the underpaid wages." Ariz. Rev. Stat. § 23-364(G). Total = $2,870.

[6] "Plaintiff's agreed-upon rate of pay was approximately $14.85 per hour." (Doc. 26 at 6; Doc. 26-1 at 3). At 100 hours (50 hours for each of the final two workweeks), Plaintiff's unpaid wages are $1,485 ($14.85 * 100 hours). (Doc. 26 at 5). Plaintiff then took $1,485 and trebled it to $4,455 under A.R.S. § 23-355.

- 6 -

$4,455.

### b. Unpaid Overtime Compensation

Under the FLSA, Plaintiff calculated unpaid overtime compensation of $1,188.50.[7] (Doc. 26 at 10).

### c. Total Damages

Plaintiff has sufficiently established that "Plaintiff should be awarded total damages in the amount of $5,643.80. This amount consists of $4,455 in trebled unpaid wages and $1,188.80 in liquidated (doubled) unpaid overtime." (Doc. 26 at 10). Accordingly, the Court finds the requested damages award plus post-judgment interest appropriate.

## IV. ATTORNEYS' FEES

Plaintiff states that she intends to file a motion for attorneys' fees and costs, should the Court grant default judgment. (Doc. 26 at 11). Following this award of Default Judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2. Plaintiff must cite the applicable legal authority upon which she seeks the award of attorneys' fees.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** the Plaintiff's motion for default judgment, (Doc. 26), is **GRANTED**. The Clerk of the Court shall enter judgment against Fast Wireless LLC in the amount of $150 plus post-judgment interest at the applicable statutory rate.[8] The Clerk of the Court shall also enter judgment against Fast Wireless LLC, and Jorge Rosello and Jane Doe Rosello, jointly and severally in the amount of $5,493.80, plus post-judgment interest at the applicable statutory rate.

---

[7] "Plaintiff conservatively estimates that she worked 50 hours per week for [eight workweeks]." (Doc. 26 at 6). At 10 hours overtime per week for eight weeks, Plaintiff worked approximately 80 overtime hours "that should have included an overtime premium of $7.43 (one-half her regular rate of $14.85)." (Doc. 26 at 6). Her unpaid overtime damages are therefore $594.40 (80 hours * $7.43). Plaintiff then took $594.40 in unpaid overtime compensation and multiplied it by two to get the "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Total = $1,188.80.

[8] Plaintiff stipulates that this portion of the judgment is collectable only against the employer.

**IT IS FURTHER ORDERED** that Plaintiff may submit a motion for attorneys' fees as specified above within 14 days of the date of this order; a bill of costs may also be filed at that time in accordance with Local Rule of Civil Procedure 54.1.

Dated this 22nd day of November, 2024.

_____
James A. Teilborg
Senior United States District Judge