**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Delgado,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Fast Wireless LLC, et al.,<br><br>　　　　Defendants. | No. CV-24-00203-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Christian Delgado's ("Plaintiff") Motion for Attorneys' Fees and Costs against Defendants Fast Wireless LLC, Jorge Rosello, and Jane Doe Rosello (collectively "Defendants"). (Doc. 29). Defendants did not file a response. The Court now rules on the motion.

## I. BACKGROUND

On February 1, 2024, Plaintiff filed an amended complaint against Defendants, alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1), the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363(A), and the Arizona Wage Act ("AWA"), A.R.S. § 23-351(C). (Doc. 6). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on March 21, 2024. (Doc. 20). The Court granted Plaintiff's motion for default judgment against Defendants on November 22, 2024.[1] (Doc. 27). On December 6, 2024, Plaintiff filed the instant motion for attorney's fees. (Doc. 29). Plaintiff requests

---
[1] However, the Court noted that it does not believe that a judgment can be collected against the fictitious party Jane Doe Rosello. (Doc. 27 at 2 n.1; *see also* Doc. 22 at 2).

$8,588.50 in attorneys' fees, $651.35 in court costs, and an additional $4,570.91 in "costs to be incurred in potential collection efforts." (Doc. 29 at 6).

## II. ATTORNEY'S FEES

### a. Eligibility and Entitlement to Fees

Under this district's local rules, a party seeking attorneys' fees must first show that they are both eligible for and entitled to a fee award. L.R. Civ. 54.2(c)(1)-(2). Plaintiff argues, and the Court agrees, that Plaintiff is both eligible and entitled to fees and costs as the prevailing party through this Court's entry of default judgment on Plaintiff's claims. *See* 29 U.S.C. § 216(b) (prevailing party's entitlement to fees and costs on federal claims); A.R.S. § 23-364(G) (prevailing party's entitlement to fees and costs on state law claims); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *1 (D. Ariz. Apr. 8, 2020) (finding that grant of default judgment qualified a plaintiff as a prevailing party for purpose of attorneys' fees). Additionally, the Court is persuaded that Plaintiff is entitled to reasonable attorneys' fees for the time counsel spent preparing the instant motion. *See Gary v. Carbon Cycle Ariz. LLC*, 39 F. Supp. 3d 468, 479-80 (D. Ariz. 2019). As such, the Court turns to the reasonableness of the requested fees.

### b. Reasonableness of Requested Fees

The second requirement in the Court's analysis of Plaintiff's motion for attorneys' fees is that the amount of fees granted must be reasonable. To determine a reasonable attorneys' fee, the Court begins with the "lodestar figure," meaning "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Local Rules provide a list of factors to be considered in assessing the reasonableness of a requested attorneys' fee award:

(A) The time and labor required of counsel;
(B) The novelty and difficulty of the questions presented;
(C) The skill requisite to perform the legal service properly;
(D) The preclusion of other employment by counsel because of the acceptance of the action;
(E) The customary fee charged in matters of the type involved;
(F) Whether the fee contracted between the attorney and the client is fixed or

contingent;
(G) Any time limitations imposed by the client or the circumstances;
(H) The amount of money, or the value of the rights, involved, and the results obtained;
(I) The experience, reputation and ability of counsel;
(J) The "undesirability" of the case;
(K) The nature and length of the professional relationship between the attorney and the client;
(L) Awards in similar actions; and
(M) Any other matters deemed appropriate under the circumstances.

L.R. Civ. 54.2(c)(3); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Reasonable attorneys' rates are not simply what an attorney charged a client; they are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

Plaintiff first argues that an hourly rate of $445 is a reasonable rate. (Doc. 29 at 5). In support, Plaintiff cites to other cases in which courts in this district have found the same rate to be reasonable, arguing that the rate is "commensurate with [Plaintiff's counsel's] expertise and experience and would align with the rate he has been awarded time and again in the District of Arizona." (Doc. 29 at 5).

Plaintiff next conducts a lodestar analysis to request fees in the following amount: $8,588.50 (for 19.3 hours worked), plus $651.35 (for out-of-pocket costs), plus $4,570.91 (for fees and costs to be incurred in potential collection efforts). (Doc. 29 at 6). The Court addresses the various factors, and Plaintiff's arguments as to each, below.

### i. Time and Labor Required

Plaintiff argues that although this case "did not require significant labor relative to analyzing legal or factual issues," the case nonetheless took longer than it should have because Defendants decided "not to participate in the litigation of this matter, despite their continued participation both with and without counsel." (Doc. 29 at 7). As such, Plaintiff argues that 19.3 hours worked is reasonable. Upon examining Plaintiff's itemization of time spent, (Doc. 29-4 at 2-4), the Court agrees that the time expended is reasonable given

the issues, the time Plaintiff spent attempting to negotiate a settlement first with Defendants' counsel and then with Defendant Rosello himself, and the fact that the case was resolved through entry of default judgment. *See Ubinger v. Urb. Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding reasonable 24.2 hours worked on an FLSA case resolved by default judgment). Accordingly, the Court makes no adjustments to the 19.3 hours of work for which Plaintiff's counsel seeks compensation.

### ii. Novelty and Difficulty of the Question Presented

Plaintiff acknowledges that the issues in the present case were not novel or particularly difficult; Plaintiff argues that the hours expended were reasonable in light of the case. (Doc. 29 at 7-8). The Court finds that because Defendants did not defend the case, "the time, labor, and complexity of this case is minimal." *Outland v. Arizona Movers & Storage*, No. CV-18-01370-PHX-RCC, 2019 WL 2269423, at *2 (D. Ariz. May 28, 2019); *see also Verduzco v. Value Dental Centers Mesa West AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding FLSA case resolved by default judgment "did not present any novel or difficult issues.").

### iii. Skill Requisite to Perform the Legal Service Properly

Plaintiff argues that despite the otherwise straightforward nature of the suit, the issues raised were "sophisticated and required extensive knowledge of the law," such that "Plaintiff very likely would not have obtained such results without the assistance of Plaintiff's counsel." (Doc. 29 at 8). The Court finds that it takes a moderate amount of skill to litigate the instant case. *See Verduzco*, 2022 WL 2718163 at *2.

### iv. Preclusion of Other Employment

Plaintiff acknowledges that Plaintiff did not experience a significant preclusion from conducting other work over and above "the time constraints place[d] on an attorney by the fact of accepting and litigating a case." (Doc. 29 at 8).

### v. Customary Fee

Plaintiff references arguments regarding the reasonableness of Plaintiff's rate,

which the Court recited above. The cases to which Plaintiff cites indicate that $445 per hour constitutes a customary fee awarded by Courts in this district for comparable work.

### vi. Whether the Fee is Fixed or Contingent

Plaintiff notes that the representation in this case was based on a contingency fee and argues that the fee recovery should not depend upon the amount recovered in the case. (Doc. 29 at 8). Plaintiff further argues that because of the contingency fee agreement, "this Court may adjust upward Plaintiff's [c]ounsel's hourly rate." (Doc. 29 at 9). The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2007).

### vii. Time Limitations

Plaintiff acknowledges that no time limitations were imposed by either the client or by circumstances. (Doc. 29 at 10). As such, this factor is of minimal weight in the reasonableness inquiry.

### viii. Amount in Controversy and Results Obtained

Plaintiff argues that the amount in controversy is significant to Plaintiff and, moreover, that Plaintiff's counsel "has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed her." (Doc. 29 at 11). The Court acknowledges the recovery that Plaintiff's counsel successful obtained for Plaintiff, with the exception that the Court does not believe Plaintiff can collect from the community property of the married couple because Plaintiff did not include Defendant Jorge Rosello's spouse and instead included Jane Doe Rosello. *See* A.R.S. § 25-215(D).

### ix. Experience, Reputation, and Ability of Attorney

Plaintiff points out that Plaintiff's counsel "focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA," has been lead counsel on more than 50 FLSA collective matters, and has obtained several reversals in three different Circuits at the Court of Appeals level. (Doc. 29 at 11-12). The Court

acknowledges Plaintiff's counsel's experience level in FLSA matters.

### x. "Undesirability" of the Case

Plaintiff argues that given the low damages and speculative amount of available fees, along with the usual undesirableness of contingency-fee litigation, the instant case was risky and therefore undesirable. (Doc. 29 at 12). The Court agrees.

### xi. Nature and Length of Relationship Between Attorney and Client

Plaintiff states that this is the only matter on which Plaintiff's counsel has represented Plaintiff. (Doc. 29 at 12). As such, this factor bears minimal weight in the determination of reasonable fees.

### xii. Awards in Similar Actions

Plaintiff reiterates previous arguments regarding the reasonableness of the rate, which this Court recited above. Based on comparison to previous similar cases in the District of Arizona, this Court finds a rate of $445 per hour to be reasonable.

### c. Final Matters

#### i. Costs

Plaintiff additionally seeks to recover out-of-pocket costs incurred in pursuing the litigation, including the filing fee and service costs which, in this case, included alternative service costs. (Doc. 29 at 14). Plaintiff argues that these costs are reasonable because they were "necessary in connection with the prosecution of this litigation and were made for the benefit of Plaintiff." (Doc. 29 at 14). The Court notes, however, that the costs Plaintiff seeks are listed in the local rule (and corresponding statutory provisions which the local rule incorporates) as taxable costs. *See* L.R. Civ. 54.1(e). Accordingly, the Court finds it most appropriate for Plaintiff to seek recovery of these costs through the procedure delineated in L.R. Civ. 54.1(a), except that the Court extends the deadline as follows: Plaintiff must file and serve the bill of costs within 14 days of the entry of this Order.

#### ii. Anticipated Collection Expenses

Finally, Plaintiff seeks $4,570.91 in anticipated collection expenses. (Doc. 29 at 14). Plaintiff concedes that the District of Arizona frequently denies such requests. (Doc. 29 at

14). In fact, this Court has specifically denied such requests. *See, e.g.*, *Peralta v. Custom Image Pros LLC*, No. CV-23-00358-PHX-JAT, 2024 WL 620901 (D. Ariz. Feb. 14, 2024) (questioning whether court had authority to award prospective expenses where action was resolved on default judgment and plaintiff did not request such relief in the complaint). Thus, this Court again declines to award anticipated collection expenses.

### iii. Total Amount Awarded

The Court finds it appropriate to award $8,588.50 in attorneys' fees.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, (Doc. 29), is **GRANTED** to the limited extent that Plaintiff is awarded $8,588.50.

**IT IS FURTHER ORDERED** that, should Plaintiff seek costs, Plaintiff must do so pursuant to L.R. Civ. 54.1(a), within 14 days of this order.

Dated this 7th day of January, 2025.

James A. Teilborg
Senior United States District Judge